HANNORAH C. MURPHY, Appellant, v. M. J. MUR-
PHY, Respondent.

St. Louis Court of Appeals.   Argued and Submitted November 4,
1909.   Opinion Filed November 16, 1909.

NEW TRIAL: Refusal to Require Answer to be Made More Specific:
Allegations Attacked Eliminated by Court's Finding.   Plain-
tiff's motion for new trial, on the ground she had been deprived
of an opportunity to meet certain testimony by the refusal of the
court to require defendant to make certain allegations in his
answer more specific, was properly denied, the point to which
the testimony might have been relevant having been elim-
inated from the case by the finding of the court.

Appeal from St. Louis City Circuit Court.—*Hon. Matt
G. Reynolds*, Judge.

AFFIRMED.

*James M. Rollins* for appellant.

*Rassieur* and *Feurbacher* for respondent.

REYNOLDS, P. J.—Plaintiff filed petition for di-
vorce from defendant, alleging facts which, under the
statute, are, if proved, grounds for divorce. To this the
defendant filed his answer, denying the allegations of
the petition and setting forth and charging facts which,
if proved, entitled him to a divorce. On the trial a great
mass of testimony was introduced by the respective par-
ties. It is of the character usual in such cases, when
husband and wife fall out and the friends and relations
take sides. It would serve no good purpose, public or

private, to set out the testimony in detail, or in substance. There were born of the marriage several children, who in their turn are apt to marry and have children of their own. The troubles of their parents leading to their separation will always cloud their future, without adding to it the mortification of having the particulars of those troubles spread upon the published reports of the court, open for all time to any who, out of idle curiosity or other motive chooses to read them.

At the conclusion of the trial the court dismissed the petition of the plaintiff and rendered a decree of divorce in favor of the defendant, finding that the defendant is the innocent and injured party and entitled to the relief prayed for by him, and accordingly awarded him a decree of absolute divorce.

Plaintiff filed a motion for a new trial, alleging among other grounds, that she had been deprived of the opportunity of meeting certain testimony by the action of the court in refusing to require defendant to make certain allegations in his answer more specific. The motion for a new trial was properly overruled, as the particular point to which the testimony might have been relevant was eliminated from the case by the finding of the court.

We have read all the evidence and our conclusion is that the decree of the circuit court was for the right party and that decree is affirmed. All concur.